The next case today, number 231304, United States v. Roberto Carlos Recarey-Salas. Will counsel for the appellant please come up and introduce yourself on the record to begin. Good morning. May it please the court, my name is Leanne Webster. I'm requesting to reserve two minutes for rebuttal. You may. Thank you. This court should vacate Mr. Recarey's supervised release revocation and remand for resentencing. Here the court found that Mr. Recarey had committed all violations alleged in both the initial and supplemental revocation motions, but Mr. Recarey only admitted to the violations that involved the conduct that he had just pled guilty for and that he had just been sentenced to, which was possessing the ammunition. Counsel, when I was reading the brief in this case, I was trying to figure out if there was just a clerical error below in the completion of the form, and I was trying to figure out why there wasn't a motion filed with the district court to clarify what the court's intention was. Your Honor, I did not represent Mr. Recarey at that time, and so I'm not entirely sure why that did not happen or if it should have, but I think that we can rely on, we can point to the fact that the court considered those factors at sentencing to assume that the court actually meant to find that those violations were committed because the court specifically referenced the conduct that was at issue. But referencing the conduct relative to sentencing factors doesn't mean the court found a violation based upon those factors. Your Honor, I think the court did not say we are finding, the record is, at the transcript, the court was not clear about what the court was finding in terms of which violations were committed, but we know that the court, one, considered the violations for which there was no admission and for which there was no evidence presented and then put it in the judgment that those violations had been admitted to, which was incorrect. So either way, there's a problem at minimum with the sentence because the court relied on facts that were neither admitted to nor proven by the government. Another way to put it, if I have it right, what's stated in the judgment everyone agrees is not true. I assume the government agrees with that as well. So then that being the case, there's got to be some other ground for the revocation. In other words, in order to support the verification, it can't be based on what's in that judgment because everybody agrees that didn't happen. He didn't admit that conduct. Well, he did admit some of it, Your Honor. So there was some basis for the revocation that everyone agrees to was a basis for revoking his supervised release. So that was, but it was only the first three violations in the initial motion. And so, but I think that everyone will agree that he did not admit to the final one and then the other ones in the supplemental. And the significance of that is that there is a revocation based on that would be satisfied if that were true. In other words, if he admitted, if he did admit to what is stated as him having admitted, you would not say there was no basis at that point, right? Correct. If he had admitted to it, yes. And then everybody agrees he didn't admit to that. Correct. Okay. So there's got to be some other basis in the record for that aspect of the revocation, correct? I would just, I would assume so in order for there to be a finding, but because there was no admission and no evidence. What about the presentence report from the main court? Isn't there enough substance there for the court to consider that PSR? There, it's him? It's, Your Honor, the PSR does not talk about the contents of the phone. The PSR only references that four phones were seized, but does not talk about the contents of the phone. It does not talk about what material was actually on the phones that the probation officer allegedly reviewed and put in the motion. And that's the problem. If it had been admitted to or included in the PSR, and he had not objected to it during his initial sentencing, then I don't think that I would be standing here making this argument. Well, what was the source of the information about what the phone depicted? Your Honor, I believe that the probation officer in the motion said that the probation officer had reviewed it. And so all the information about the phone is coming exclusively from the probation officer's motion to revoke the supervised release. And that probation officer didn't appear? Correct, did not testify. And was not available for cross-examination? And was not available for cross-examination. And the district court, in your view, made no finding about why he was not available? Correct. And that's the gravamen of one aspect of the challenge. We can't rely on that because we have no finding regarding his unavailability. So rule 32 is not compliant. Is that the idea? That's correct, Your Honor. I also think before you get to the rule 32 analysis, there's a significant issue with relying on a probation officer's motion because it acts as a charging document, right? Like it acts as an indictment. These are sort of the allegations. And so there has to be either an admission to it or the government has to prove what's in it. Let me ask, was there an objection to the probation officer's motion? Your Honor, the court specifically, or the attorney specifically admitted to only the violations related to the possession of the ammunition. And that's all that the defendant is required to do because the government has the burden here. And it has the burden of proving the violation. It's not on the defendant to come in and object and to disprove what's in those motions. It's on the government. And so when the defense... It's a recess to the revocation portion as opposed to the sentence that's then imposed, which you may take the same view as the both, but I take it you think it's clear, at least with respect to revocation itself. I think that's right, Your Honor. Yes. And so I think the government in its brief really emphasizes the fact that, argues that Mr. Rickeri had some sort of duty or something to object. And I don't think that's the case. That's not how supervised release revocations work. The government has the burden. And when he only admitted to certain violations... Do we have to resolve that issue, though, in a case in which there's no finding as to why he was unavailable? Your Honor, I think there are numerous bases that you could reverse here. But I think at the end of the day that it requires reversal for him to be re-sentenced because those revocations... Well, I guess what I'm asking is how does this, these things interact? There's an unobjected to, you refer to as a charging document, but the PSR. It has a representation about some other officer's understanding, or representation about an officer's understanding. That officer then is not made available. I thought it was fairly clear that to rely on a witness for purposes of the revocation, if they're not available for cross-examination, there needs to be a finding as to explain why they're unavailable. I agree that that's fairly clear. Yes, I agree, or not fairly clear. I agree that that's very clear under... And then I take it your position is there just is no such finding. So we simply could not, on this record, if that's what they're relying on, rely on that aspect of the PSR. Yes, just to be clear, the allegations are in the probation officer's motion, not in the PSR, but the same point, the same... I guess you would even say if anything, it's stronger for you that it's only in the probation motion. Exactly, because I do think there's the rule that says if it's not objected to in the PSR, it's deemed admitted, but that does not apply to a probation officer's revocation motion, Your Honor. So unless the court has any additional questions at this time, I'll defer to the government. Well, if there were reasons to conclude that the revocation itself was appropriate, when we get to the sentence issue, the Rule 32 cross-examination issue drops out. Isn't that right? Is it for the length of the sentence, or is that wrong? I don't think that that's right, Your Honor. And I think that this court has specifically said that, and I might get the case wrong, I think it might be the Navarro case, but in that case, something very similar happened, and the court said that even if the revocation is justified on other basis, so on the grounds, for example, that we admitted to, that still was harmful because the court considered that during the sentencing aspect of the case. That's fine. I'm just trying to figure out, though, what is the lens through which we assess the material that can be considered for the sentencing portion of it? I thought that the rules about what could be considered for revocation might differ from the rules about what we can consider for sentencing. I think this court has considered that and said that even for the sentencing purposes, the information, if you're going to consider hearsay, which is what it is because it's just an emotion, then that rule still has to be complied with. You still have to assess the reliability of it, and there's no indication here to Mr. Ricari or to his attorney that this is actually what was happening, and I think that's a big part of the problem. The liabilities there then come from personal knowledge and the detailed nature of the account. I think I would dispute some of the detailed nature of the account, but I do think that the Rule 32.1b-2c still applies at sentencing, and if it's not in the bar, I can identify that case in a 28-day letter. I mean, so the problem is that you're in open court, you're admitting to one violation, and it isn't until you pull up the paperwork that you see what the court has entered, and then the question becomes what factors got considered when the court was sentencing? Was it just based upon the acknowledgement of the ammunition, or was it also based upon the information about what was not admitted to? Your Honor, I think the transcript is very clear that the court considered the information that was not admitted to because the court specifically referred to the information that was contained on his phone right before or right after the court imposed the sentence, which again was above the joint recommendation of the parties, and so I don't think there's a basis on which you can say that this issue did not contribute to the sentence. And so then is your argument strictly that that information was not reliable? It's not reliable. He didn't have the chance to confront anyone, and I think there's a problem with doing it without notice to Mr. Rickeri, right? That it's in the motion, he admits only to certain grounds, and then the court without saying, hey, I'm going to rely on that information even though you didn't admit to it and the government didn't present any evidence to give him the chance to argue about it or to make any sort of argument to the court. That is a problem as well, and I think... But did the defendant object to it? He did not object at the time. I would note that he didn't have the opportunity to object, especially to the fact that, to the judgment that contained the violations, and so I don't think it's reviewable for plain error under this court's decision in Teixeira. I realize that he didn't have a chance to object to the judgment because he didn't know what the judgment was going to indicate, but you just said that at sentencing, the court made reference to these other facts, but so was there an objection to the court referencing what was on the phone? There immediately... So I don't think the court called for objections. The court said anything else, and the attorney said, We object to the procedural and substantive reasonableness, Your Honor. But even if the court were to review the sentencing issue for plain error, I think we can meet that standard. I realize I'm over my time, though, so I don't... If I could, I can briefly explain that, or I can do that on a bottle. So you didn't make that argument in your brief? We did make it in the reply brief, Your Honor, that it was reviewed for plain error and that we can meet that standard. So let me just follow on this slide. This rule 32 point, do you have any argument as to why it would not be on plain error? As to the actual revocation, I think it's very clear that we did not have the opportunity to object because it came in the judgment. In other words, because it wasn't clear to you they were going to...  A charging document that was seeking revocation.  But, Your Honor, when there was no point during the hearing where the court said, even though you didn't admit to it and even though the government did not prove it, I'm going to find that you committed these violations. That only came and was clear when they issued the judgment. Just so I understand how this reference to the phone is working in your argument and what's a little bit confusing to me is the idea that when the reference to the phone was made, that wasn't understood to bear on revocation since there had been no admission. But once you saw that the judgment now is what it is, it's now evident to you that it must have been relying on the reference to the phone in revoking. I think there are two separate aspects to the argument. And so when we have the opportunity to object, that analysis is slightly different. So as to the actual revocation and finding that he admitted to that, that was never clear or made clear at the hearing. That only came... I understand that, but the consequence of that, the government says, is no big deal because nonetheless there's evidence in the record that supports the revocation. Yes. That's the reference to the phone? Yes. Coming from the probation charge document or am I confused? I understand that the government's argument to be, it doesn't matter that they found that the court found that he had admitted to the other violations because he had admitted to the first three. So it was going to be revoked regardless. That's what I understand the government's argument to be. I think there's a problem with it because in the actual decision, the judgment, it lists the violations and says that he admitted to it. And then two, the court then considered it at sentencing. And so when the court considered it... Before we get to sentencing, just with respect to revocation itself, I'm still not understanding your argument. What is the problem with the revocation in light of what the government has said about the other three that are going to be revoked anyway? So, Your Honor, I think that if you look at this court's decision in Navarro, it talks about the fact that while it may have been harmless as to the actual revocation, it was harmful because it was considered during sentencing. So that's one point. I don't want to talk about sentencing. I just want to know, are you making an argument that the revocation itself is harmless? Yes. And I want to understand, what is that argument in light of the government's contention that it would have been revoked anyway even if we don't pay attention to the judgment? If you've... To the admissions, the statement about the admissions. I think you have to look at the judgment for our argument, which is that if something happens, he's going to be on supervised release later. If another supervised release revocation, for example, comes back and he's in front of another court again, the court can look at this document, which is clearly incorrect because he didn't admit to those revocations, and say, look, before you admitted to all of these revocations and look at what you did and now you're back in front of me. That's harmful to a defendant. And then two, I think it's just a problem when... If we drop that, why would the remedy for that... Remedy for that wouldn't be to upset the revocation itself. Yes. Your Honor, I understand that you don't want to talk about sentencing, and I understand the point that you were making, but I think that it's... I don't want to talk about... I want to understand if you're asking... Are you asking us to vacate the revocation? I think we're mostly asking for the court to vacate his sentence. Are you asking for us to vacate the finding that there should have been a revocation? There should have been a revocation. Are you saying that you're conceding that it was a proper revocation on certain grounds, but that you want, to the extent that the court found that it was revoked on these other grounds, you want those vacated? I want those vacated, yes, Your Honor. Okay. So we can leave the other one intact. Yes, because he admitted to those. There's no question that he... But there was a finding of a revocation of a certain kind of violation, right? And you're objecting to that particular kind or not? Or only just a ground for it? I'm sorry, say that one more time. Well, you admitted to a, what, Class B violation? Correct. We admitted to a Class B. And some of the other ones was a Class A. I think there's a question about whether or not they would have been a Class A violation or not. So you're saying you admitted to a Class B and not a Class A, but the court found a Class A even though you hadn't admitted to it. No, the court... Other violations that he'd admitted to, the court sentenced him based on a Class B violation. So I just don't understand what relief you want apart from the sentence. Your Honor, I think... Let me also follow up on that. The sentence would remain. What you don't want is those extra violations of the judgment, am I correct? Yes. Our brief asks for, I think, two things. One is for the sentence to be vacated, but then two, also for the document to be correct to show that he did not admit to those violations. But for that, the sentence doesn't have to be vacated. The judgment would have to be corrected. Yes, I understand, but the violations... No, they then affect the sentence. Just help he's not saying... We're not saying... We understand that you're saying that that's not all you want and that if you had that, it bears on the sentence. I get that. But if I'm understanding that, though, then if the effect of the problematic aspect of the judgment, even after correction, lingers in the form of infecting the length of the sentence and the reasoning behind the sentence, then what we're really just looking at is what does the record have to look like to warrant the sentence? And I take it the government's argument is there's other stuff in the record that is not an admission, but is evidence that was unobjected to, PSR and the like. And that can be the basis for the sentences, which I think where Judge Helper was starting you with. There was an unobjective PSR, et cetera. And then you said, well, that's not in the PSR, all of it. It's in the charging document. Then we go to, okay, do we then consider that for sentencing? And you're saying Navarro is your best case for saying, no, that would not count even for sentencing. Correct. I think that the rule still applies at sentencing, even understanding there's a separate revocation, and then there's a separate sentencing process. But the rule still, I believe, applies at sentencing, and the information still has to meet the standard to be reliable in the balancing test. So that is our argument. And I think, yes, we want the judgment to be fixed, but we also want his sentence to be vacated. Thank you. Thank you, counsel. Attorney for Apley, please introduce yourself on the record to begin. Good morning, your honors. And may it please the court, Gabriela Pagliari on behalf of the United States. And the court should affirm this within guidelines revocation sentence because Ricaray admitted to the grade B violation and because the allegations, excuse me. What do you make of the judgment itself, which lists all of those violations that he did not admit to? Yes, your honors. So because the record is clear that the court revoked only on the grade B violation and not the other violations, and because this court has said that the oral pronouncement trumps the written pronouncement of a court, at most, Ricaray would be entitled to an amended judgment, and the government is not contesting that. But the court should definitely affirm on the rest. I don't know that concession being in your brief. No, your honor. We did not, we considered, we argued in the brief that the court only revoked on the grade B violation and because the court revoked on the grade B violation, it would have revoked anyway. It was harmless error. Now, in the reply, the Ricaray makes a big deal about the judgment and talks about how that was error. But now here in oral argument, we're saying, yes, that we concede that they can move to amend the judgment. As far as you understood them to be challenging the revocation itself, you were saying it's harmless. But if they're just challenging the judgment, saying it should be corrected, you don't contest that. That's fine. That's correct. That's correct, your honor. And the judgment could have been corrected below rule 35 by a motion saying, judge, the judgment says X, Y, Z, and you revoked for this, and that's something that the district court could have easily done. I know opposing counsel appeal was not counted below, but that could have been done also, correct? That could have been done. That could be done right now, I believe. At any time, because it's just a- That's correct. I couldn't understand why that wasn't done. And then you wouldn't be here. Exactly. Well, you wouldn't. Maybe you'd be here. Maybe here on the sentencing, yes. First, I would like to very briefly address the waiver, the disputed waiver issue, and then I will move on to the procedural reasonableness on the sentencing phase of the revocation. So as to the waiver, in his reply, Recaray concedes that plain error review applies, but he never addressed plain error in the opening brief. Recaray's argument that he can save his claims by arguing plain error in the reply for the first time contradicts well-established precedent of this court that says that arguments raised for the first time in a reply brief are waived. And we have Casey, Henry, Leonera, Geise, and Rivera. Who's out there? Yeah. Okay. Now, as to the sentencing phase of the revocation, the court did not err by considering the circumstances surrounding his arrest and the cell phone evidence as alleged in the probation officer's motion. The probation officer's motions were sufficiently reliable for five reasons. The first is that they were corroborated by the unobjected PSR. The unobjected PSR included almost identical facts as to the probation officer's motion. It stated that he was seen with a firearm at the time of the accident and that four cell phones were seized. But it doesn't talk about the contents of the phone. No, but there are other indicia of reliability for the contents of the phone. What? One of those is similar to Portel, where the court found it telling that the defendant there... But is it charging documents? Do we have case law suggesting that the charging documents as opposed to PSR can be relied on? Yes, so in Portel and... In those cases, we all had the... What we said crucial to it was that it had been admitted to. Yes, it had been admitted, but in Portel, the analysis supports our position here. Except I thought it said crucially there it was admitted to and here it wasn't. There it was admitted, but in Portel, the court said, well, the admission provides sufficient indicia of reliability just like in the PSR. And when the defendant argued, okay, we admitted to the violation, but didn't admit to all the allegations in the probation officer's motion, the court then looked and said, wait, but at every stage of the proceeding, you did not object to that conduct when it was brought up. And similarly here, Ricaray failed to object for over a year. Ricaray had notice of the violations and he never objected. He was provided... I guess I'm just a little bit confused. You have a... PSR is one thing. Yeah. But in essentially the allegation of the charging document is that she's putting it. So you don't object to it. I mean, I guess I don't fully understand what that is. That's a notice of what we're going to be arguing. And then the government has the burden to put some evidence in to support it. The government just puts in that document. Here's what we're going to be alleging. What is that? So they're... One thing if they then say, yeah, well, I admit it. Okay, now that's become a fact. But why doesn't the government have some obligation to put something on the charging document itself? Well, he never objected, but that is only one of the initial reliability. It was a strategic choice not to object, right? I don't understand where you get this objection to a charging document. So just the fact that he had notice for so long and he didn't object... But he has notice that you're going to try and put forward evidence. And no, and he had notice over and over doing the sentencing that preceded... That you were going to put forward evidence. No, he never asked... Because he admitted to the violation, he never asked to put on a witness. No, the question is, did he admit to this aspect of the allegations? Because the concern is that sentencing, the district court was relying on that aspect of the case if I understand it, for which there was no evidence independent of the charging document. And the only thing that would then suggest more is the statement of judgment that he admitted to it, but everybody agrees he didn't admit to it. So their contention is all we have with respect to this aspect of the case for sentencing, not any sentence, but the full sentence, if it was based partially on the contents of the phone, all that's in the case is notice to him that they may try and put in evidence of the contents of the phone. They never did it. So how can you sentence on the basis of that? That's, I think, the contention. Well, I think two points on that. The first is that the failure to object is just wanting to show reliability. The court can look at anything at sentencing as long as it's sufficiently reliable. And here, the probation officer's account of what was in the cell phones was sufficiently reliable. It was not included in the PSRs because at the time the PSR was issued, the extractions had not been reviewed. But the probation officer himself, this is not a probation officer's motion based on hearsay, based on a charging document from a state court. What makes a sheer allegation in a charging document reliable? That is sufficiently detailed. And here, the probation officer's review of the extraction was super specific. If it's 100-page allegations, what makes 100 pages more reliable than two pages? So I think it's cumulative. It's the fact that we have a PSR corroborating the allegations, the fact that he had noticed for over a year and didn't object, and the fact that it was sufficiently detailed. But I guess what's missing is no affidavit from the person. There's no testimony from the person. We couldn't, the probation officer, we don't know if the probation officer was available. Usually they are, and they would have... Well, maybe there could be a finding as to why he wouldn't be, and then that would be a justification. But I mean, right now, all we have is just the, I mean, as Mr. Thompson put it, it's one thing to provide evidence. It's another thing to just make an allegation. Because you could understand the allegations is if that's just properly understood as here's what the government's gonna try and prove. Seems odd to say then, and you never objected to that. What's to object to? You told me you're gonna try and prove it. I don't object to you trying to prove it. Go ahead. Why would I object to that? What I object to is if you then put in evidence that I think is unreliable, then I should have to object to it. If that never happens, there's nothing to object to. So three points to that, if I may. Number one, he didn't object to it because it was a strategic choice not to. How do we know that? Well, had he objected to it, the probation officers are usually available, and we would have... But why do you object? He's got a charging document. He reads through the charging document. He's like, okay, well, this is nonsense. This is nonsense, but this is good. And therefore, I'm gonna admit to this one and not admit to the others. That doesn't make the others that he didn't admit to reliable. Well, the court did say it was relying on that when it was imposing sentence and said it had considered the cell phone evidence as part of the... So that may be a basis for saying we're on plain error. If the idea is he never made the objection that's now being made now, and I take it that's your contention, he could have, upon the judge referencing it at sentencing. At that point, had the judgment issued at that point? No. Because I think maybe that kind of perhaps changes the calculus as to whether it would have made sense to object because in theory, he doesn't know what he's being sentenced for fully. If he thinks it's just the class B violation, I guess, maybe he thinks, well, yeah, you mentioned the phone, whatever, it's not relevant to the class B. Well, in any event, what the government's position is that it was sufficiently reliable based on the reasons that we gave. If I may just finish my last point. In any event, it would be harmless. The court also mentioned that it was imposing this within guidelines, top of the guidelines sentence, because the record had been unable to comply with the conditions of release. And the PSR, which he unobjected to, supports this conclusion because it talks about his substance abuse during the term of supervisory release. He had seven failed drug tests since his supervised release, four of which were after he had gone to abuse, substance abuse counseling, and he filled the drug, called the random drug testing program 24 times. So there was sufficient evidence in the record to impose that sentence on those reasons. And thank you, Your Honor. Thank you, counsel. Will attorney for appellant, please come up and reintroduce yourself on the record. You have a one, sorry, two minute rebuttal. Thank you. Leanne Webster on behalf of the- On the sentencing, can you just address the, is there an argument that we're not playing error with respect to the reliance on the phone information that you contended in there? I think so, Your Honor. I think it's under the Techshare case that he wasn't given the opportunity to object and wasn't fully on notice that the court had found that these violations had been committed. But I guess what I'm not fully understanding is you're conceding it's a Class D violation at this point that he was being sentenced for. Correct. And you were on notice of that. Yeah. And then your contention is that in imposing the sentence for the Class D violation, they relied on some things that were unreliable. That's the phone, correct? Correct. And not- So when he is sentencing you as you thought and as you had noticed for the Class D violation, he starts referencing the phone. Yeah. Why couldn't you have objected to him? Your Honor, I think that generally the court, there was no, the court never asked for objections. That's what I, the court said anything else and then that was it. And so the court- What did you say to that? The court, the attorney said, we object to the procedural and substantive reasonableness. Well, the court, the attorney clearly understood that as a request for objection. I don't understand. The court never says that. But Your Honor, even if it, even if plain error applies, I think that we can meet that test. I think there's clearly error. It was plain under this court's cases. And then what's the explanation for it only being raised in the refisal? Your Honor, I don't have a great explanation for that, to be honest. Other than I'm new to the circuit, I just wanted to flag one issue to address your questions from earlier, Chief Judge Barron, specifically about Rule 32.1. And specifically in this court's decision, Colón-Maldonado 953F, third one, a 2020 case, this court dropped a footnote and in footnote six said that we have already written that Rule 32.1 governs both post-eradication sentencing and then cites United States versus D-A-O-U-S-T 888-F3RD-571. Thank you. Thank you.